MOTION FOR REASSIGNMENT

IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 09 2025

Nathan Ochsner, Clerk of Court

In re: | CASE NO.: 25-34655 (CML)
TPI COMPOSITES, INC., et al., | CHAPTER 11
Debtors. | (Jointly Administered)
_____|

STEPHAN WILLIAMS, | ADVERSARY PROCEEDING
| | NO.: 25-03762
Movant/Plaintiff, |
v. |
TPI COMPOSITES, INC., |
Respondent/Defendant. |
_____|

## MOVANT'S RESPECTFUL MOTION FOR REASSIGNMENT
### Main Bankruptcy CASE NO.: 25-34655 (CML)

Movant, STEPHAN WILLIAMS ("Movant"), proceeding pro se, respectfully moves this Court for an order reassigning the above-captioned main bankruptcy case and adversary proceeding to another judge of this Court. In support of this Motion, Movant states as follows:

### INTRODUCTION

1. This Motion is filed out of an abundance of caution and with the utmost respect for this Court. Its sole purpose is to preserve the absolute integrity of these proceedings and maintain public confidence in the judiciary by avoiding even the appearance of partiality.

### FACTUAL BACKGROUND

2. Movant recently became aware that, prior to his distinguished appointment to the bench, the Honorable Christopher M. Lopez served as a partner in the Business, Finance & Restructuring Group of Weil, Gotshal & Manges LLP.

3. Weil, Gotshal & Manges LLP ("Weil") serves as lead bankruptcy counsel to the Debtors in the main chapter 11 case (25-34655) and is counsel of record for the Defendant in the related adversary proceeding (25-03762).

4. The attorneys from Weil representing the Debtor in these matters are Messrs. Ryan Rolston, Gabriel Morgan, and Kieran Graulich, and Ms. Lauren Tauro.

## LEGAL ARGUMENT

5. **The Governing Legal Standard.** 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

6. The purpose of this statute is to promote public confidence in the integrity of the judicial process. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The standard is objective and asks "whether a reasonable and objective person, knowing all the facts, would harbor doubts about the judge's impartiality." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 669, 677 (5th Cir. 2003).

7. **Application to These Proceedings.** A reasonable person, knowing that the presiding judge was formerly a partner at the law firm that now vigorously opposes a pro se litigant in his court, could question whether the judge's prior professional relationships might consciously or unconsciously influence the proceedings.

8. Movant wishes to be unequivocally clear: he does not believe that the Court is actually partial or that it would fail to administer justice fairly. Movant has the highest regard for this Court's integrity and professionalism.

9. However, the appearance of impartiality is, in and of itself, a harm that the judicial system is designed to avoid. The close and relatively recent professional association between the Court and opposing counsel creates an objective circumstance that warrants reassignment.

10. This is particularly important in a case such as this, where a pro se litigant is opposed by his former firm. Reassignment would eliminate any possible perception that the litigant appearing without counsel is at a systemic disadvantage.

## CONCLUSION

11. This Motion is made not out of any lack of faith in this Court, but from a profound respect for the institution of the judiciary. To ensure that these proceedings are beyond any possible reproach and to safeguard the manifest appearance of justice, reassignment is the prudent course.


WHEREFORE, Movant STEPHAN WILLIAMS respectfully requests that this Court enter an order reassigning Case No. 25-34655 and Adversary Proceeding No. 25-03762 to another bankruptcy judge of this district.

Respectfully submitted,

s/Stephan Williams
STEPHAN WILLIAMS, Pro Se
1808 Pierce Road
Lansing, MI 48910
(517) 927-6551
stephan.m.williams@gmail.com

DATED: 10/6/25

## ORDER GRANTING MOTION FOR REASSIGNMENT
## Main Bankruptcy CASE NO.: 25-34655 (CML)
## ADVERSARY PROCEEDING CASE NO: 25-03762

Upon consideration of the Movant's Respectful Motion for Reassignment, and the Court finds that reassignment is appropriate to ensure the appearance of impartiality,

IT IS HEREBY **ORDERED** that:

1. The Motion is **GRANTED.**

2. Case No. 25-34655 and Adversary Proceeding No. 25-03762 are hereby reassigned to the _____ of this Court.

3. The Clerk of Court is directed to update the dockets accordingly.

SIGNED this _____ day of _____, 2025.

HONORABLE CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE