IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| TPI COMPOSITES, INC., *et al.*, | § § § | Case No. 25-34655 (CML) |
| Debtors.[1] | § § § § | (Jointly Administered) <br> Re: Docket No. 349 |
| STEPHAN WILLIAMS, | § § § § | |
| Plaintiff, | § § | Adv. Pro. No. 25-03762 <br> Re: Docket Nos. 5 & 6 |
| v. | § § | |
| TPI COMPOSITES, INC., | § § § | |
| Defendant. | § § § | |

OBJECTION OF DEBTORS TO
STEPHAN WILLIAMS' MOTION FOR REASSIGNMENT

TPI Composites, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this objection (the "**Objection**") to the *Movant's Respectful Motions for Reassignment* (Case No. 25-34655, Docket No. 349 and Case No. 25-03762, Docket Nos. 5, 6) (the "**Motion**") filed by Stephan Williams (the "**Movant**") and respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: TPI Texas, LLC (4000), TPI Composites, Inc. (0775), TPI International, LLC (9537), TPI Turkey, LLC (2552), TPI APAC, LLC (8038), TPI APAC II, Inc. (3515), TPI Turkey II, LLC (2551), TPI Turkey Izbas, LLC (0185), TPI Composites Services, LLC (4547), TPI Mexico, LLC (0745), TPI Mexico II, LLC (8269), TPI Mexico III, LLC (7315), TPI Mexico IV, LLC (1231), TPI Mexico V, LLC (5628), TPI Mexico VI, LLC (7260), Ponto Alto Holdings, LLC (0322), TPI Arizona, LLC (9641), TPI Iowa, LLC (2887), TPI Iowa II, LLC (4175), Composite Solutions, Inc. (1486), TPI Holdings Mexico, LLC (1936), and TPI Technology, Inc. (2727). The Debtors' mailing address is 9200 E. Pima Center Parkway, Suite 250, Scottsdale, AZ 85258.

**Preliminary Statement**

1. On October 9, 2025, the Movant filed the Motion, which requests that the Court enter an order reassigning Case No. 25-34655 (the "**Lead Bankruptcy Case**") and Adversary Proceeding No. 25-03762 (the "**Williams Adversary Proceeding**") to another bankruptcy judge of the United States Bankruptcy Court for the Southern District of Texas due to an alleged appearance of impartiality. The Motion, however, offers up what is, at best, a thin legal argument as to why the Movant believes there is an appearance of impartiality and falls well short of the burden required under section 455(a) of title 28 of the United States Code to demonstrate that there is a reasonable question of Your Honor's impartiality in these chapter 11 cases.

2. For the reasons set forth herein, the Motion should be denied. A proposed form of order denying the Motion is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Argument**

3. Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When considering motions for recusal, courts within the Fifth Circuit consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)). Such standard relies "on the 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Id.* (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). Further, the Supreme Court in *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (cited by Movant) articulated that "[section] 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable

2

grounds to question the neutral and objective character of a judge's rulings or findings," such that recusal was required "if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id*. (quoting *Liteky*, 510 U.S. at 557–58, 114 S.Ct. 1147 (Kennedy, J., concurring)). There is no evidence of such a prejudice in these chapter 11 cases or the Williams Adversary Proceeding.

4. The Movant alleges that Your Honor's prior employment at Weil, Gotshal & Manges LLP ("**Weil**")—which was more than six years ago—could lead a reasonable person to question whether such prior professional association might consciously or unconsciously influence these chapter 11 cases. The Movant, however, plainly ignores well-settled Fifth Circuit law that "prior employment at a law firm representing a litigant before the court does not create a per se requirement of recusal." *Barnes v. BTN, Inc.*, 555 Fed. Appx. 281, 286 (5th Cir. 2014); *see also Thomas v. Holmes*, 2025 WL 2501613 at *2 (S.D. Tex. July 22, 2025) ("[P]rior association or employment with an organization alone is not a proper basis for recusal."); *Marshall v. Carter*, 2022 WL 2841483 at *4 ("The bare fact of prior employment . . . does not necessitate recusal.").

5. Moreover, the Judicial Conference of the United States defers to a judge's discretion and consideration of the facts and circumstances of a given case to determine whether to recuse himself, but "recommends that judges consider a recusal period of at least two years" from his prior association with a law firm. Financial Settlement and Disqualification on Resignation from Law Firm, Adv. Op. No. 24, Guide to Judiciary Policy, Vol. 2B, Ch. 2 (June 2009). Here, more than six years have elapsed since Your Honor's employment at Weil. Additionally, Weil fully disclosed Your Honor's prior employment with Weil in the Debtors'

3

application to retain Weil as counsel in these chapter 11 cases,[2] to which no parties in interest objected.[3]  Further, no ongoing financial obligations exist between Your Honor and Weil, nor has Weil provided Your Honor with any compensation or benefits since the conclusion of Your Honor's employment in 2019.

6.  An objective and reasonable person, knowing all of the relevant facts and circumstances, would have no reasonable basis to doubt the impartiality of this Court.  For the foregoing reasons, Movant has failed to establish that reassignment of these chapter 11 cases to another judge is necessary or appropriate.  Accordingly, the Motion should be denied.

---

[2] *See Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* (Docket No. 106), Ex. A, ¶ 7.

[3] *See Certificate of No Objection Regarding Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* (Docket No. 197).

WHEREFORE, the Debtors respectfully request entry of the Proposed Order denying the relief requested in the Motion.

Dated: October 24, 2025
      Houston, Texas

Respectfully submitted,

  /s/ Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email:   Gabriel.Morgan@weil.com
          Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
Ryan C. Rolston (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Matt.Barr@weil.com
          Lauren.Tauro@weil.com
          Ryan.Rolston@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

  I hereby certify that, on October 24, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    */s/ Gabriel A. Morgan*
                    Gabriel A. Morgan